CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

July 27, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **BRIDGET SAFERIGHT**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25CV00071 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WAL-MART STORES EAST, LP.,** | ) | JUDGE JAMES P. JONES |
| **dba WAL-MART**, | ) | |
| | ) | |
| Defendant. | ) | |

*John F. Pyle, CRANDALL & KATT, Roanoke, Virginia, for Plaintiff; W. Bradford Stallard, PENN, STUART & ESKRIDGE, Abingdon, Virginia, for Defendant.*

In this diversity premises liability case arising under Virginia law, the defendant store operator has moved for summary judgment. After briefing and oral argument, and based on the record before me, I will grant the motion.

## I.

The plaintiff, Bridget Saferight, was a customer at the defendant's store in Wytheville, Virginia, and while handling a rug on display, a metal sign-holder frame fell from above, hitting her in the face and breaking her nose. In her brief in opposition to summary judgment, Ms. Saferight describes the mechanism of the accident as follows:

> Walmart in Wytheville constructed an end-cap display[1] to display rugs with incorporated signage. The rugs appear in the video and photos . . . to vary in height as they were rolled[] and wrapped in plastic or held together by a plastic band around the rolled rug.  They were displayed to stand on end vertically.  One end was on the base of the display which rose to a height several inches on top of the floor.  The display is in a square or rectangular shape and has a horizontal bar or band about midway up the display, presumably to prevent the stacked vertical rugs from falling completely over.  The rugs leaned back against the rear of the display, and some rugs leaned back against other rugs.
>
> . . . At the very top of the display was another horizontal metal box in the shape of a rectangle.  The rectangular metal frame sign, did not appear to have anything to do with the containment and/or display of the actual rugs *per se,* but did have a paper or plastic price sign attached to the metal frame and was over top of the rugs.

Pl.'s Mem. Opp'n. 1–2, Dkt. No. 51 (citations to record omitted).  A video from a store surveillance camera recorded the event, and while it lacks sharp focus, it appears to show Ms. Saferight lifting the rug upwards and the metal frame then immediately falling off the end cap above the rugs and striking her.  Def.'s Mem. Supp. Ex. 3, Muncaster Aff. Ex. B, Dkt. No. 48-3.  In her deposition, Ms. Saferight agrees that she was lifting the rug "looking at to purchase [it]" when the metal frame fell but denies hitting it with the rug.  *Id*. Ex. 2, Pl.'s Dep. 14, 18, Dkt. No. 48-2.

Ms. Saferight does not know what caused the metal frame to fall and there are no other known witnesses to the accident.  There is no evidence as to how the metal

---

[1]    An end cap display is "a display of products placed at the end of an aisle" in a retail store.  *Merriam-Webster Dictionary*, http//merriam-webster.com/dictionary/endcap.

sign frame was attached to the end cap.  Tyler Muncaster, an assistant manager, responded to the accident, and has filed an affidavit stating that "Wal-Mart did not have any notice of any unusual or dangerous conditions . . . or knowledge of any dangerous condition of the sign prior to it falling from the end cap."  Muncaster Aff. ¶ 8, Dkt. No. 48-3.

## II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To raise a genuine issue of material fact sufficient to avoid summary judgment, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994).

Virginia substantive law governs this diversity claim.  *Erie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938).  In Virginia, a store owner is not an insurer of its invitee's safety.  *Franconia Assocs. v. Clark,* 463 S.E.2d 670, 672 (Va. 1995).  Rather, the owner must exercise ordinary care to make the premises reasonably safe for its customers. *Colonial Stores, Inc. v. Pulley,* 125 S.E.2d 188, 190 (Va. 1962).  In other words, a store owner owes its customers the duty of active protection against dangers

-3-

to the extent it has knowledge or should have had knowledge through the use of ordinary care, of the dangerous condition. *See Robinette v. Wal-Mart Stores, Inc. Store #650*, No. 2:15CV00003, 2016 WL 8737153, at *5 (W.D. Va. Feb. 15, 2016) (holding that defendant was not liable where customer moved an exercise weight on a display shelf and for unknown reasons another weight fell off the shelf onto her foot).

The plaintiff agrees that the Supreme Court of Virginia has rejected the so-called "method theory" of liability under which proof of actual or constructive notice of a specific dangerous condition is unnecessary "if 'it is reasonably foreseeable that a dangerous condition is created by, or may arise from, the means used to exhibit commodities for sale.'" *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 453–54 (4th Cir. 2004) (quoting *Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 651 n.3 (Va. 1990). Instead, the plaintiff relies on *Memco Stores, Inc. v. Yeatman*, 348 S.E.2d 228 (Va. 1986), where a customer slipped on a plant leaf that had fallen from a plant that the store had placed beside the aisle travelled by the injured customer. On appeal from a jury verdict for the plaintiff, the Supreme Court of Virginia held that the evidence was sufficient to show that the store owner had constructive notice of the dangerous condition it was creating, since the store sold such plants, and thus would reasonably know of their propensity to shed moist leaves. *Id*. at 231.

I find that *Yeatman* is not controlling.  As the Supreme Court of Virginia later noted, *Ashby v. Faison & Assocs., Inc.*, 440 S.E.2d 603, 605 (Va. 1994), for *Yeatman* to apply, there must be some affirmative action by the store owner in creating the dangerous condition, as found in *Yeatman* "in moving the plant from the patio where plants were normally sold and placing it on a furniture display in a manner that caused leaves to fall in the aisle where the plaintiff slipped and fell." *Id*.  Instead, in *Ashby* there was only the "passive conduct" of failing to remove the dangerous condition or warn of it.  *Id*; accord, *Prindes v. Winn-Dixie Raleigh, Inc.,* No. 96-1636, 1997 WL 195920, at *5 (4th Cir. Apr. 23, 1997) (unpublished) (finding *Yeatman* "readily distinguishable" because no showing of affirmative conduct by defendant); *Cole v. Wal-Mart Stores, Inc.*, No. 7:16-cv-00419, 2017 WL 5162822, at *3 (W.D. Va. Nov. 7, 2017) (same).

### III.

Here, there is no evidence by which a jury could find that Wal-Mart created the dangerous condition, knew of it, or reasonably should have known of it either when the end cap display was created or at any time before Ms. Saferight was injured.  Accordingly, I find that the motion for summary judgment must be granted.

A separate judgment will be entered in favor of the defendant.

DATED:   July 27, 2026

 /s/  JAMES P. JONES
Senior United States District Judge